**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIM BEALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CV-07182 |
| | ) | Honorable Suzanne B. Conlon |
| | ) | |
| TAKHAR COLLECTION SERVICES, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION FOR DEFAULT JUDGMENT**

NOW COMES Plaintiff, JIM BEALL ("Plaintiff"), by and through the undersigned

counsel, and respectfully submits this Notice of Plaintiff's Motion for Default Judgment. Plaintiff

hereby notices this motion for Wednesday, May 4, 2011 at 9:00AM before the Honorable Suzanne

B. Conlon.


RESPECTFULLY SUBMITTED,

By: /s/ Adam T. Hill _____
Adam T. Hill
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison St., 10th Floor
Chicago, IL 60602

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| JIM BEALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CV-07182 |
| | ) | Honorable Suzanne B. Conlon |
| | ) | |
| TAKHAR COLLECTION SERVICES, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55**

Plaintiff, JIM BEALL (Plaintiff), respectfully moves this Honorable Court to enter Default

Judgment against Defendant, TAKHAR COLLECTION SERVICES, LTD. (Defendant), pursuant

to Federal Rule of Civil Procedure 55 and to award Plaintiff $6,381.50 in statutory damages,

attorney's fees and costs. In support of Plaintiff's request, Plaintiff submits the following

memorandum and exhibits in support.

**I.    BACKGROUND**

Plaintiff filed her Complaint against Defendant alleging violations of the Fair Debt

Collection Practices Act ("FDCPA") 15 U.S.C. 1692, *et seq*. [Doc. 1]. On March 18, 2011, the

Court found Defendant in technical default. [Doc. 13]. Accordingly, Plaintiff brings forth this

motion for default judgment, awarding damages in this matter. Specifically, Plaintiff seeks

$1,000.00 in statutory damages against Defendant for violation of the FDCPA pursuant to 15 U.S.C.

1692k(a)(2)(A) and attorneys' fees and costs in the amount of $5,381.50 pursuant to 15 U.S.C.

1692k(a)(3).

**II.    LEGAL STANDARD**

Federal Rule of Procedure 55 provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. Rule 55(a). "[T]he district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985). When a defendant fails to appear or otherwise acknowledge lawsuit against it for some **three months** after being served, such as in this case, [Doc. 7– Return of Service], entry of default judgment is appropriate. After proper service of proper, courts regularly enter default judgment against defendants who have failed respond. *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir.1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir.1992) ( "when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F.Supp.2d 333, 338 (W.D.N.Y.2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D.Ga.2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)). Thus, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted).

Rule 55 provides for entry of default and a default judgment in two separate steps. First, the clerk or judge must enter the default. *Sun v. United States*, 342 F.Supp.2d 1120, 1124 n.2 (N.D.Ga.2004) (entry of default is "a prerequisite to a default judgment"). Second, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu*

*Construction v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). A default judgment cannot stand on a Complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n. 41 (11th Cir.1997), citing *Nishimatsu,* 515 F.2d at 1206. A default judgment establishes as fact the plaintiff's well-plead allegations of fact. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987).

## II.      PROCEDURAL AND FACTUAL BASIS FOR DEFAULT JUDGEMENT

### A.      Procedurally, Defendant is in default.

In the instant case, on November 5, 2010, Plaintiff filed his Complaint. [Doc. 1]. On January 11, 2011, Defendant was properly served with process. [Doc. 7]. On March 18, 2011, the Court found Defendant in technical default. [Doc. 13]. To date, some three months since being served, Defendant has failed to file any response. Defendant is in fact on notice of the instant case as Plaintiff sent Defendant a copy of the Complaint and requested pre-litigation settlement. Exhibit A – Emails. This case is procedurally ripe for an award of default judgment.

### B.      Plaintiff has pled a sufficient factual basis for relief.

Plaintiff respectfully submits that his allegations are well-pled and establish Defendant's violation of the Federal Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. 1692 et seq.* (FDCPA). First, Plaintiff notes that proof **of only one violation** is sufficient to support judgment for Plaintiff. *Bentley v. Great Lakes Collection Bureau, Inc.,* 6 F.3d 60 (2nd Cir. 1993). In his Complaint, Plaintiff alleges that Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person and that Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaged any person in telephone conversations repeatedly. *See* [Doc. 1] at ¶¶ 15. Defendant constantly and continuously placed calls to Plaintiff seeking to speak with someone other than the Plaintiff; Defendant placed

approximately eight (8) calls to Plaintiff within a two (2) week period; Defendant contacted Plaintiff on Plaintiff's cell phone number 815-262-9384; Plaintiff informed Defendant that the Defendant had the wrong telephone number and that the person Defendant is attempting to reach is not available at Plaintiff's number; Defendant told Plaintiff that Plaintiff's telephone number would be removed yet Defendant continued to contact Plaintiff. *Id.* at ¶¶10-14.

Attached at Exhibit B are cases where federal district courts have granted default judgment and an award for damages in FDCPA cases such as this. These cases are briefly outlined below, starting with the most recent.

**Sampson v. Brewer, Michael & Kane, LLC, 6:09-CV-2114-Orl-31DAB (May 26, 2010)**

- FDCPA violations for *§1692d(5) and §1692e(5),* among others.
- Judge David A. Baker, Middle District of Florida
- Award: $3,836.61 for statutory damages, attorney's fees and costs.

**Gilmore v. A&S Collection Associates, Inc., 2:09-CV-04005-GAF-(JCx) (Jan. 29, 2010)**

- FDCPA violations for *§1692e(5)* and Rosenthal Act violations for *§1788.10(e)* among others.
- Judge Gary Allen Fees, Central District of California
- Award: $5,028.20 for statutory damages, attorney's fees and costs.

**Budd v. SRS & Associates, 10-1770-GEB-KJM (Nov. 9, 2010)**

- FDCPA violations for *§1692d(5) and §1692e(5),* among others.
- Judge Kimberly J. Mueller, Eastern District of California
- Award:  $5,129.50 for statutory damages, attorney's fees and costs.

**Edwards v. Midpoint Resolutions Group, 09-3007-GAF (VBKx) (Nov. 24, 2009)**

- FDCPA violations for *§1692e(4),* among others.
- Judge Gary Allen Fees, Central District of California

- Award:  $5,009.30 for statutory damages, attorney's fees and costs.

**Middlesworth v. Oaktree Collections, Inc., 1:09-CV-601-SMS (November 3, 2009)**

- FDCPA violations for *§1692e(5)* and Rosenthal Act violations for *§1788.10(e)*  among others.

- Judge Oliver W. Wanger, Eastern District of California

- Award:  $4,600.58 for statutory damages, attorney's fees and costs.

**Karambiri v. Maximum Recovery Solutions, Inc., 09-918-PHX-NVW (Sept. 16, 2009)**

- FDCPA violations for *§1692d(5) and §1692e(5),* among others.

- Judge Neil V. Wake, District of Arizona

- Award: $4,353.11 for statutory damages, attorney's fees and costs.

In the instant case, Plaintiff has alleged violations of FDCPA *§1692d* and *§1692d(5)*.   Just as set forth in the facts of the attached cases, the merits of Plaintiff's claims are based on the facts set forth in his Verified Complaint, specifying the nature and quality of Defendant's contacts with Plaintiff in its unlawful attempts to collect an alleged debt.

**III.     PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT**

Plaintiff seeks default judgment against Defendant in the amount of $6,381.50 itemized as follows: $1,000.00 in statutory damages pursuant to the FDCPA, *15 U.S.C. 1692k(a)(2)A)*; $4,971.50 in attorneys' fees and $410.00 in filing and service fees pursuant to 15 U.S.C. § 1692(k)(a)(3).

**A.     PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE**

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(2)(A).  Therefore, an award of $1,000.00 to Plaintiff in this case is permissible and seems appropriate based on the factual

allegations in Plaintiff's Complaint.

**B.     PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS
REASONABLE**

Plaintiff requests attorneys' fees.  Plaintiff is entitled to attorneys' fees of $4,971.50, based

on the reasons below.

**1.     PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES
PURSUANT TO THE FDCPA.**

The specific statutory language of the FDCPA, and the public policy considerations in

support of this Act, entitle Plaintiff to recover attorneys' fees and costs.  15 U.S.C. §1692k(a) states:

> [A]ny debt collector who fails to comply with any provision of this
> subchapter with respect to any person is liable . . . in the case of any
> successful action to enforce the foregoing liability, the costs of the
> action, together with a reasonable attorney's fee as determined by the
> court.

Pursuant to this specific language, the federal courts have long recognized the importance of

the fee-shifting provision of the FDCPA, as well as the public policies behind it.  In *Tolentino v.*

*Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and fees is mandatory.

> Given the structure of the section, attorneys' fees should not be
> construed as a special or discretionary remedy; rather, the act
> mandates an award of attorneys' fees as a means of fulfilling
> Congress's intent that the Act should be enforced by debtors acting as
> private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-
> 652 (7th Cir.1995).

Plaintiff's entitlement to reasonable fees and costs has been reaffirmed by the Ninth Circuit Court of

Appeals as recently as April 2008, where the Court once again ordered that the determination of fees

and costs is mandatory by the district courts.  "The FDCPA's statutory language makes an award of

fees mandatory.  The reason for mandatory fees is that Congress chose a 'private attorney general'

approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d

973, 978 (9th Cir. 2008); *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the

FDCPA mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act

should be enforced by debtors acting as private attorneys general).

The *Tolentino* Court also noted Congress's specific intent to allow an individual plaintiff the

ability to pursue an action where the burden of fees and costs would otherwise economically

preclude this type of rights enforcement. *Tolentino* at 652 *citing City of Riverside v. Rivera*, 477

U.S. 561 (1986)). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks

to vindicate important rights that cannot be valued solely in monetary terms and congress has

determined that the public as a whole has an interest in the vindication of the statutory rights." *Id.*

The court held similarly in *Camacho* when it rejected the District Court's "flat-fee" approach, and in

its remand for further findings directed that "[T]he amount of [attorneys' fees] must be determined

on the facts of each case." *Camacho* at 978.1

The FDCPA mandates that the recovery of Plaintiff's attorneys' fees and costs is integral to

the success of the policy goals of the FDCPA. Therefore, Plaintiff should be awarded reasonable

attorneys' fees and costs as determined by this Honorable Court.

> **2.    PLAINTIFF IS ENTITLED TO HIS ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.**

"[I]n order to encourage private enforcement of the law . . . Congress legislated that in

certain cases prevailing parties shall recover their attorneys' fees from the opposing side. When a

statute provides for such fees, it is termed a 'fee-shifting' statute. The FDCPA is one such statute,

---

1 "The [District] Court concluded that "[w]here ... the attorneys seeking fees support their motion with materials that are substantially unchanged from those filed by them in numerous other cases ... it would be inappropriate to award fees on fees on an hourly basis," and instead, the court awarded a "flat award" of $500." *Camacho* at 976. However, the Ninth Circuit Court of Appeals rejected this approach and remanded for a case-by-case determination of attorneys' fees.

providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action ... [for] the costs of the action, together with a reasonable attorneys' fee as determined by the Court." *Camacho* at 978 *citing Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3)).

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor. *See*, e.g., *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding attorneys' fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same). For example, the United States Ninth Circuit Court of Appeals has expressly held that an enforceable private settlement agreement requiring a defendant to pay money to a plaintiff, where the district court retains jurisdiction to determine fees, entitles the plaintiff to statutory fees and costs as the prevailing party. *See Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002).

### 3.     PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEYS' FEES AND COSTS.

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) *citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).2 The fee-shifting

---

2 Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights, while benefitting society in general, and thus, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced, unlike, for example, in personal injury actions. *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a contingency-fee agreement. Accordingly, "[T]he purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *See also Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar with an incentive to involve itself in consumer litigation through a fee-shifting provision, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorneys' fees and costs, the statutory remedy would simply not make the consumer whole as the average consumer would simply be unable to pay his or her attorneys' fees and costs. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorneys' fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorneys'-fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small

compared to potential legal costs. *Id.* at 539. As a result, public policy dictates that attorneys' fees should be paid by the Defendant.

**4.     IN CONSUMER PROTECTION ACTIONS IT IS <u>NOT</u> APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY.**

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorneys' fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorneys' fees sought does not make the fees expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorneys' fees and underlying compensatory damages. *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989); and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).3

**5.     THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.**

Plaintiff seeks an award of attorneys' fees and costs in the amount of $5,381.50, comprised of 22.2 hours of attorney and paralegal/clerk time at hourly rates ranging from $125.00 per hour to

---

3 *See also Goins v. JBC & Associates, P.C.,* 2006 WL 540332, at *3 (D. Conn. Mar. 6, 2006) (FDCPA plaintiff's counsel awarded $23,421.00 in fees and $895.19 in costs where underlying matter was settled for $1,500.00); *Dechert ex rel. Estate of Oyler v. The Cadle Co.*, 2004 WL 2999112 (S.D. Ind. Nov. 10, 2004) (FDCPA plaintiff awarded $54,391 in fees on a $1,000.00 statutory recovery); *Gradisher v. Check Enforcement Unit*, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $69,872.00 where plaintiff recovered FDCPA statutory damages of $1,000.00); *Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. Sept. 5, 2002) (attorney's fee award of $43,180.00 where plaintiff recovered the maximum FDCPA statutory damages of $1,000.00); *Minnick v. Dollar Financial Group, Inc.*, Civ. No. 02-1291, 2002 WL 1023101, 52 Fed. R. Serv.3d 1347 (E.D. Pa. May 20, 2002) (consumer-plaintiff in FDCPA action awarded $7,208.50 in fees and costs after accepting $2,000 offer of judgment); and *Norton v. Wilshire Credit Corp.*, 36 F.Supp. 2d 216 (D.N.J. 1999) (court awarded $57,000.00 in fees for $5,800.00 award to plaintiff in FDCPA action).

$290.00 per hour. (See Statement of Services attached as Exhibit C). The hourly rates of Plaintiff's attorneys delineated in Plaintiff's Statement of Services are commensurate with the experience and training of each employee at K&M. These rates are also supported by the 2008 Consumer Law Attorney Fee Survey, the 2007 National Law Journal Survey, and the United States Attorney's Office and the "Laffey Matrix."

### i. The experience of the attorneys at K&M provide support for the hourly rates requested

The experience of the attorneys that worked on behalf of Plaintiff is detailed in the biography statement of Plaintiff's attorneys (attached as Group Exhibit D), and is further supported by K&M's attorneys' declarations (attached as Group Exhibit E).

### ii. The rates sought by K&M are reasonable as evidenced by the 2008-2009 Consumer Law Attorney Fee Survey

In the fall 2008, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." (See 2008-2009 Consumer Law Attorney Fee Survey attached as Exhibit F). The attached survey supports the billing rates requested as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates. Data collected for the California region arranged by years in practice without regard to firm size (survey page 14) shows the average rate for attorneys with 11-15 years in practice to be $412/hr, attorneys practicing 3-5 years to be $320/hr, and attorneys practicing 1-3 years to be $279/hr. As such, the rates requested by Plaintiff's attorneys are commensurate with other consumer attorneys' billing rates, indexed by both region and years in practice, and therefore, should be determined by this Court to be reasonable.

iii.     **The Rates Sought by K&M are lower than the Mean Billing Rates Compiled in** *The National Law Journal's* **2007 Billing Survey for Associates and Partners in Law Firms Throughout the Country Including California[4]**

*The National Law Journal's* 2007 Billing Survey also demonstrates the reasonableness of the rates sought by Plaintiff. For twenty-five (25) years, *The National Law Journal* has been providing the legal community with news, commentary, and analysis on lawyers and the law. See *The National Law Journal's Website* at http://www.law.com/jsp/nlj/utility/about.jsp. *The National Law Journal* provides timely legal information of national importance to attorneys concerning federal circuit court decisions, verdicts, practitioners' information, legislative issues, and legal news for business and private sectors. *Id. The National Law Journal's* 2007 survey of billing rates of the largest U.S. law firms provides the High, Average, and Low rates for partners and associates at over 100 firms.

As evidenced by taking an average of the California law firms surveyed by *The National Law Journal*, the rates charged by Krohn & Moss, Ltd. are commensurate, if not lower, then average rates charged by other firms in California:

- Average Partner Billing Rate Low: $414/hr

- Average Partner Billing Rate High: $728/hr

- Average Partner Billing Rate Mean: $531/hr

- Average Associate Billing Rate Low: $234/hr

- Average Associate Billing Rate High: $458/hr

- Average Associate Billing Rate Mean: $340/hr

---

4 Law firms participating in the survey include firms from Costa Mesa, Los Angeles, Mountain View, Riverside, San Diego, and San Francisco, California.

These rates reflect the growing increase in rates as charged by law firms in the California area. Commenting on the Survey, Leigh Jones, of *The National Law Journal*, wrote in her December 11, 2007, article for the *Journal*, **"billing rates shot up in 2007, with approximately three-quarters of the law firms that participated in** *The National Law Journal's* **annual survey boosting the amounts they charged for partner and associate services."**

**6.      The rates sought by K&M are reasonable as evidenced by the United States Attorney's Office and the "Laffey Matrix."**

The attorneys' fees rates requested by Plaintiff, as detailed in Plaintiff's Statement of Services, are commensurate with the prevailing rates for attorneys that practice federal law. As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983). In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate. *Id*. The Court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over the years due to inflation. In doing so, the United States Attorney's office created the "Laffey Matrix." As demonstrated by the "Laffey Matrix," the rates sought by Plaintiff's attorneys here are commensurate with recognized rates for attorneys with similar experience. The "Laffey Matrix," when coupled with the declarations presented by Plaintiff and detailed biographies of Plaintiff's attorneys at K&M, provides conclusive evidence that the rates sought by Plaintiff's attorneys are reasonable. The "Laffey Matrix" is incorporated    into    this    Fee    Petition    in    its    entirety    and    can    be    found    online    at

http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html 5



**Civil Division - LAFFEY MATRIX 2003-2010**
(2009-10 rates are unchanged from 2008-09 rates)
Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 |
|---|---|---|---|---|---|---|
| 20+ years | 390 | 405 | 425 | 440 | 465 | 465 |
| 11-19 years | 345 | 360 | 375 | 390 | 410 | 410 |
| 8-10 years | 280 | 290 | 305 | 315 | 330 | 330 |
| 4-7 years | 225 | 235 | 245 | 255 | 270 | 270 |
| 1-3 years | 185 | 195 | 205 | 215 | 225 | 225 |
| Paralegals & Law Clerks | 110 | 115 | 120 | 125 | 130 | 130 |

The Laffey Matrix clearly illustrates that the rates charged by K&M are commensurate with the rates that could have been charged according to United States Attorney's Office. Based on the "Laffey Matrix" and the other authority provided to this Honorable Court in Plaintiff's Memorandum of Points and Authorities, the hourly rates sought by Plaintiff's attorneys are reasonable.

## 7. IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES.

It has generally been recognized in fee-shifting statutes that "a party advocating the

---

5 This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does *not* apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C.

reduction of the lodestar amount bears the burden of establishing that a reduction is justified."

*United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery) cited in *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992).6 *See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 560-62 (1984). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See*, e.g, *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorneys' fees and costs sought.

## IV.    CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff must also demonstrate that his allegations have a sufficient factual basis. Plaintiff respectfully submits that he has shown the same herein. Therefore, this Honorable Court should enter default judgment against Defendant in the amount of $6,381.50, itemized as follows: $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, *15 U.S.C. 1692k(a)(2)A)*; $4,971.50 in attorneys' fees and $410.00 in filing and service fees pursuant to 15 U.S.C. § 1692(k)(a)(3).

WHEREFORE, Plaintiff, JIM BEALL, respectfully requests this Honorable Court to enter

---

1983).

6 The lodestar figure represents reasonable hours times reasonable rate. *Blanchard v. Bergeron*, 103 L.Ed. 2d 67, 76 (1989) *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 656 (1986).

Default Judgment against Defendant, Takhar Collection Services, Ltd., and to award Plaintiff

$6,381.50.

RESPECTFULLY SUBMITTED,

By: /s/ Adam T. Hill_____
Adam T. Hill
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison St., 10th Floor
Chicago, IL 60602

## <u>CERTIFICATE OF SERVICE</u>

I, Shireen Hormozdi, hereby certify that a copy of the foregoing **Plaintiff's Motion for Default Judgment** was sent via FIRST CLASS MAIL to:


TAKHAR COLLECTION SERVICES, LTD.
1623 Military Road, Suite 537
Niagara Falls, NY 14304


Dated:  April 18, 2011            /s/Shireen Hormozdi
                                  Shireen Hormozdi